GOODWYN *vs.* GOODWYN.

1. An application for a certificate, to prevent damages being assessed under the Act of 1845, creating the Supreme Court, must be made during the Term at which the judgment was rendered.

2. The party may apply in advance of the decision, and the proper time for doing this is when the case is argued.

Trover, in Coweta Superior Court. Decided by Judge BULL, at the September Term, 1859.

On the 14th of August, 1849, Napoleon B. Goodwyn instituted an action of trover against Nancy Goodwyn, to recover damages for the alleged conversion of twelve negro slaves, and on the final trial of said case—on the 10th of March, 1859—the jury returned a verdict in favor of the plaintiff for ten thousand dollars, to be discharged by the delivery of the negroes in dispute, within thirty days, and also the sum of two thousand dollars for the hire of said slaves.

Nancy Goodwyn filed her bond, with security, for the purpose of suspending the execution of said judgment, and carried said case to the Supreme Court, and upon the hearing, the judgment of the Court below was affirmed by the Supreme Court.

Neither of the judges of the Supreme Court were applied to, or gave any certificate during the term at which the case was heard and determined, as to whether, in their opinion, the said case was carried up by Nancy Goodwyn for delay, but after the judges had gone home, two of them, to wit: Judges Lumpkin and Benning, certified that, in their opinion, the case was not carried up for delay.

Under this state of facts, the counsel for Napoleon B. Goodwyn, at the September Term, 1859, of Coweta Superior Court, moved to make the judgment of the Supreme Court the judgment of the said Superior Court, and also for leave to sign up judgment against the said Nancy Goodwyn and her securities for the amount of said judgment, and ten per cent. damages on the principal sum, for delay in taking up the case as aforesaid.

This motion was resisted by counsel for Nancy Goodwyn on two grounds:

1. Because the judgment was founded on a verdict in an action of trover, which verdict was in the alternative, and was not for such a sum certain and fixed, within the meaning of the law, as allowed damages to be given.

2. Because two of the Judges of the Supreme Court had certified, as hereinbefore stated, and their certificates were presented to the Court.

The presiding judge granted the motion of Napoleon B. Goodwyn's counsel, and gave judgment accordingly, and this decision is the error assigned in this case.

POWELL, for the plaintiff in error.

BUCHANAN, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

By the fifth section of the Act of 1845, organizing this Court, it is provided that: "If the decision and judgment of the Court below be for a sum certain, and be affirmed in the Supreme Court, the plaintiff may, in the Superior Court, enter judgment against the defendant and his securities for the amount of principal, interest and cost, as shall be confessed or found by the jury, and ten per cent. damages on the principal sum, and have execution immediately after the decision of the Supreme Court, so certified as aforesaid: Provided, that, if any one or more of the judges of the Supreme Court shall certify that, in his or their opinion, such cause was not taken up for delay only, then, and in such cases, the damages shall not be allowed."

In the case of Andrew Turner against William Collins, (8 *Geo. Rep.* 436) this Court held, that application for the certificate must be made during the term at which the decision was rendered. That decision must control this case.

We do not feel called upon to review the grounds for the construction thus early put upon the statute. The decision, itself, must stand for a reason, until changed by the Legislature.

As counsel are frequently compelled to leave the Court before the judgment is rendered, it would be a wise precaution to apply in advance for the certificate, as, for instance, when the case is argued, in case the judgment is adverse.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.